HENSLEY, ROBERT E., Associate Judge.
Appellant, Plaintiff below, appeals a judgment entered on a jury verdict for Defendant, in an action growing out of an automobile collision, in which the Defendant struck the rear of a car in which appellant was a passenger. She assigns as error the refusal of her motion for a directed verdict on the issue of liability at the close of all the evidence and the denial of her subsequent motions based thereon.
A brief summary of the testimony shows both cars travelling in a northerly direction on Dale Mabry Highway. Gunn Highway merged with Dale Mabry from their right side. Sometime prior to the accident, Gunn had been the through highway and Dale Mabry had been the stop, or yield, highway. Prior to the accident, the two had been reversed, Dale Mabry becoming the through highway and Gunn becoming the yielding highway. Defendant was aware of the change, but Plaintiff’s driver was not. During the nighttime, Plaintiff’s driver, as she approached the intersection, stopped as she thought she was supposed to do. In addition to thinking she was supposed to stop, she testified she could clearly read a partially obliterated stop sign which had been painted on the surface of Dale Mabry. This was denied by Defendant and he presented testimony which tended to prove that such sign was totally obliterated and could not have been seen by the Plaintiff’s driver. Counsel on appeal also argued that Plain *350 tiff’s driver had to stop in order to avoid a collision with a car approaching on Gunn. This, however, is not borne out by the testimony. While the testimony does show an approaching car, or cars, on Gunn, the Plaintiff’s driver testified that “it slowed, and then, of course, he saw me stop, and he went ahead”.
The speed limit on Dale Mabry was 55 mile's per hour, and, as previously stated, it was, at the time of the accident, a through highway at this point. The Defendant’s testimony, which the jury could have believed, was to the effect that he saw the brake lights on the leading car the instant the brakes were applied, that he immediately applied his brakes, that he was driving only 30 miles per hour, that he. was maintaining an adequate distance from the leading car for such speed, that “suddenly, the car in front of me stopped — ” (and again, “it happened so quick, and — there was Mrs. Hin-ners stopped so suddenly.”), and that he did everything he could reasonably have done to avoid the collision. The other driver and the Plaintiff both testified that the stop was a “normal” stop, and was not sudden.
In a case such as this, the language of the court in the case of Hott v. Funk, Fla.App., 165 So.2d 792 (certiorari denied, Fla., 170 So.2d 588) fits this case like the proverbial glove. The court there stated:
“The plaintiff contends that the collision occurred under circumstances giving rise to a presumption of negligence on the part of the defendant and that her explanation of it was legally insufficient to rebut this presumption.
“The case before us is a close one, as the trial judge recognized. While there are numerous circumstances from which the jury might reasonably have found that the collision was caused by the defendant’s negligence, we do not agree that this was the only reasonable conclusion. The first vehicle came to a stop at an unexpected place. While the driver of the English Ford testified that the first five cars came to ‘normal’ stops, he also testified that ‘it happened quickly.’ Considering the approximate speeds and distances which the parties described and the number of vehicles involved, the jury might reasonably have found that the defendant was confronted with an unexpected stop that was more sudden than described by this witness at a point some distance from the intersection. In short, the evidence gave rise to a. variety of permissible inferences and presented an issue of negligence for determination by a jury. * * * Accordingly, the plaintiff’s motions properly were denied.”
Affirmed.
ALLEN, Acting C. J., and HOBSON, J., concur.